United States District Court
Southern District of Texas
**ENTERED**
June 12, 2017
David J. Bradley, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| EDELMIRO SOSA, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | **Civil Action No. 1:16-146** |
| | § | **Criminal No. B:14-641-2** |
| UNITED STATES OF AMERICA, | § | |
|     Respondent. | § | |

<u>**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**</u>

On June 24, 2016, Petitioner Edelmiro Sosa filed a Motion to Vacate, Set Aside, or Correct his Sentence, pursuant to 28 U.S.C. § 2255. Dkt. No. 1.

The Court has an independent obligation to review the record and the pleadings. Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS. After reviewing the record and relevant case law, the Court **RECOMMENDS** Sosa's motion be **DISMISSED**, because he waived his right to file this petition. Furthermore, if not waived, Sosa's claims are legally and substantively meritless and should be **DENIED**.

**I. Procedural and Factual Background**

On August 26, 2014, a federal grand jury – sitting in Brownsville, Texas, – indicted Sosa and another defendant for one count of conspiracy to possess with the intent to distribute more than 100 kilograms of marihuana and one count of possession with intent to distribute more than 100 kilograms of marihuana, a violations of 21 U.S.C. §§841 & 846. <u>U.S. v. Sosa</u>, Criminal No. 1:14-641-2, Dkt. No. 14 (hereinafter "CR").

**A. Rearraignment**

On December 1, 2014, Sosa appeared before the Magistrate Judge and pled guilty – with a written plea agreement – to possession with the intent to distribute marihuana. CR Dkt. No. 39.

Sosa's written plea agreement indicates that he knowingly and voluntarily waived his appellate rights. CR Dkt. No. 41, ¶ 11

Paragraph 11 of the plea agreement provides:

> Defendant is aware that Title 18, United States Code, § 3742, affords a defendant the right to appeal the conviction and sentence imposed. The defendant knowingly and voluntarily waives the right to appeal the conviction and the sentence imposed or the manner in which the sentence was determined. Additionally, the defendant is aware that Title 28, United States Code, § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. The defendant knowingly and voluntarily waives the right to contest his/her conviction or sentence by means of any post-conviction proceeding. If the defendant files a notice of appeal following the imposition of sentence, the government will seek specific performance of this provision.

CR Dkt. No. 41, ¶ 11 (emphasis original).

During the plea colloquy, the Magistrate Judge established that Sosa understood he was waiving his appellate rights. CR Dkt. No. 69.

> [THE COURT]: [Y]ou [are] stating that you are aware that you have a right to appeal your sentence, as well as a right to collaterally attack your conviction and sentence after it becomes final. Within these same agreements, each one of you is giving up and waiving your right to appeal your sentence, including any grounds as set forth in Title 18, United States Code, Section 3742; and you're also agreeing to give up and waive your right to collaterally attack your conviction and sentence after it becomes final under the provisions of Title 28, United States Code, Section 2255. You will, however, retain a limited right of appeal based on any claims you may have for ineffective assistance of counsel on behalf of your attorney, prosecutorial misconduct on behalf of the government's attorney, or any mistake of law that you believe was created by the court. Do you understand your limited right of appeal? Mr. Sosa?
>
> [SOSA]: Yes, your honor.

CR Dkt. No. 69, pp. 25-26.

The Court established that Sosa had never needed treatment for any kind of substance abuse problem; was not under the influence of any medications or drugs; had discussed the charges with his attorney; was able to assist in his own defense; and was satisfied with his attorney's representation. CR Dkt. No. 69, pp. 6-46. Sosa informed the Court that he had not

2

been forced to plead guilty and acknowledged that the plea agreement had been explained to him. Id. The Court further informed Sosa that the Court did not have to follow any recommendation within the plea agreement; and that the Court could sentence Sosa to something more than Sosa might anticipate. Id. Sosa stated that he had been informed of the maximum sentence that he faced; and the impact of the sentencing guidelines in his case. Id. The Court further explained that as a result of pleading guilty, Sosa gave up: the right to confront and cross-examine adverse witnesses; the right to call witnesses on his own behalf; the right to subpoena witnesses to make them testify; and gave up his right to choose whether he would testify. Id. Sosa confirmed that he understood the implications of giving up his right to trial as a result of pleading guilty. Id. Having stated that he understood all of his rights, Sosa entered a plea of guilty to the charge of possession with intent to distribute more than 100 kilograms of marihuana. Id.

On that same day, the Magistrate Judge issued a report and recommendation, which recommended that the District Judge accept Sosa's plea of guilty. CR Dkt. No. 39.

**B. Sentencing**

In the final presentence report ("PSR"), Sosa was initially assessed a base offense level of 24, based on being held responsible for 304.14 kilograms of marihuana – the amount identified in the indictment. CR Dkt. No. 48, p. 6. However, Sosa was instead given a base offense level of 34 because he was considered a career offender under U.S.S.G. § 4B1.1.

As relevant here, under § 4B1.1, a defendant is considered a career offender if he or she: (1) is 18 years old or older at the time they committed the instant offense; (2) the instant offense is a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony "crime of violence" convictions. Sosa had a 1998 conviction for attempted murder in Texas and a 1999 conviction for burglary of a habitation in Texas. CR Dkt. No. 48, p. 7. Thus, he was considered a career offender and given a base offense level of 34.

Sosa received a three-level reduction for acceptance of responsibility. Dkt. No. 48, p. 7. Thus, Sosa was assessed a total offense level of 31.

Regarding his criminal history, Sosa had nine adult criminal convictions and was assessed 14 criminal history points, resulting in a criminal history category of VI. CR Dkt. No. 48, pp. 7-12.  Based upon Sosa's offense level of 31 and criminal history category of VI, the presentence report identified a guideline sentencing range of 188 to 235 months of imprisonment. Id., p. 16.

On July 13, 2015, the Government moved for a downward departure of one-fifth of Sosa's sentence, based on substantial assistance. CR Dkt. No. 60.

On July 14, 2015, the District Judge accepted the Magistrate Judge's report and recommendation, accepting Sosa's guilty plea. CR Dkt. No. 61.

On that same day, the District Court granted the Government's motion and sentenced Sosa to 150 months of imprisonment, five years of supervised release, and a $100 special assessment fee, which was remitted. CR Dkt. No. 63.  The judgment was entered on August 18, 2015. Id.

Neither the District Court docket nor the Fifth Circuit docket reflect the filing of a direct appeal.  A notice of appeal must be filed within fourteen (14) days from the entry of judgment. See FED. R. APP. P. 4(b)(1)(A), 26(a)(2).  Therefore, Sosa's deadline for filing a notice of direct appeal passed on September 1, 2015. Id.

### D. Motion to Vacate, Set Aside or Correct Sentence Pursuant to § 2255

On June 24, 2016, Sosa timely filed a motion pursuant to 28 U.S.C. § 2255, requesting that the District Court vacate, set aside, or correct his sentence. Dkt. No. 1.  In his motion, Sosa asserts that his sentence was unlawfully enhanced under the Armed Career Criminal Act ("ACCA") because he was subject to the residual clause that was deemed unconstitutional in Johnson v. U.S., 135 S. Ct. 2551 (2015). Dkt. No. 2.

Pursuant to Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS, because the petition is meritless on its face, the Court has not ordered the Government to respond to the petition.

## II. Applicable Law

### A. Section 2255

Sosa seeks relief pursuant to 28 U.S.C. § 2255. Dkt. No. 1. That section provides, as relevant here:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

After a petitioner's conviction becomes final, the Court is entitled to presume that he stands fairly convicted. U.S. v. Frady, 456 U.S. 152, 164 (1982); U.S. v. Willis, 273 F.3d 592, 595 (5th Cir. 2001).

A petitioner who seeks to challenge a final conviction by collateral attack, can do so on constitutional or jurisdictional grounds. 28 U.S.C. § 2255(a); U.S. v. Shaid, 937 F.2d 228, 233 (5th Cir. 1991).

## III. Analysis

A court may entertain and decide a § 2255 motion without requiring the production of the prisoner at a hearing. 28 U.S.C. § 2255.  Further, a district court may deny a § 2255 motion without an evidentiary hearing "only if the motion, files, and records of the case conclusively show the prisoner is entitled to no relief." U.S. v. Bartholomew, 974 F.2d 39,41 (5th Cir. 1992).  The record in this case satisfies this requirement, for which reason the motion can be decided without a hearing.

In analyzing Sosa's claim, the Court is required to construe allegations by pro se litigants liberally, to ensure that their claims are given fair and meaningful consideration despite their unfamiliarity with the law. Haines v. Kerner, 404 U.S. 519, 520 (1972).  Even applying this standard, neither the record – nor the law – support Sosa's claim.

## A. Waiver of Appellate Rights

Sosa waived his right to appeal or collaterally attack his sentence when he entered into the plea agreement with the United States.  That waiver bars reliefs under 28 U.S.C. § 2255. U.S. v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994).[1]  This waiver provision supports dismissal of this petition.  U.S. v. Del Toro-Alejandre, 489 F.3d 721, 723-24 (5th Cir. 2007).

"A defendant may waive his statutory right to appeal as part of a valid plea agreement, provided (1) his or her waiver is knowing and voluntary, and (2) the waiver applies to the circumstances at hand, based on the plain language of the agreement."  U.S. v. Rodriguez-Estrada, 741 F.3d 648, 650 (5th Cir. 2014).  In order for the waiver to be knowing and voluntary, "a defendant must know that he had a right to appeal his sentence, and that he was giving up that right."  U.S. v. Portillo, 18 F.3d 290, 292 (5th Cir. 1994).

The record clearly indicates that Sosa knowingly and voluntarily waived his appellate rights.  Sosa's plea agreement expressly states that he was aware of his right to directly appeal his sentence pursuant to 18 U.S.C. § 3742, and his right to collaterally attack his conviction and sentence, pursuant to 28 U.S.C. § 2255. CR Dkt. No. 41.  That same paragraph also indicates that Sosa agreed to waive those rights.  The plea colloquy at the rearraignment hearing also establishes that Sosa understood that he was waiving his appellate rights. CR Dkt. No. 69.

Sosa has not provided any evidence to indicate that he was unaware of or misunderstood any of the terms of his plea agreement; or evidence to indicate that he pled guilty involuntarily.  Consequently, the record establishes, without a doubt, that Sosa's waiver was knowingly and voluntarily made.

Moreover, Sosa's waiver clearly applies to this case.  Sosa is attempting to collaterally attack his conviction and sentence pursuant to 28 U.S.C. § 2255, an avenue expressly foreclosed by his plea agreement.  Therefore, the waiver should be enforced and the case

---

[1] While the Court has not required the United States to reply to Sosa's petition, the Court "is entitled to conclude that the government wishes what it bargained for." U.S. v. Del Toro-Alejandre, 489 F.3d 721, 723-24 (5th Cir. 2007).  Even if Sosa had not waived his appellate rights, the practical result would be no different, as his claims are substantively meritless.

should be dismissed based upon that waiver.

Even if Sosa had not waived his right to collaterally attack his conviction and sentence, his petition is meritless and should be denied.

### B. __Johnson__ is Inapplicable

Sosa asserts that he is entitled to habeas relief in light of the recent Supreme Court decision Johnson v. U.S., 135 S. Ct. 2551 (2015). In Johnson, the Supreme Court reviewed the lower court's application of 18 U.S.C. § 924(e), the Armed Career Criminal Act ("ACCA"). The ACCA requires a 15-year mandatory minimum term of imprisonment for anyone who violates § 922(g), having three or more prior convictions for a "serious drug offense" or a "violent felony." § 924(e)(1). The ACCA defines a "violent felony" as any crime that "is burglary, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." § 924(e)(2)(B) (emphasis added). The just-quoted and underlined portion of § 924 has been referred to as the Act's residual clause. Johnson, 135 S. Ct. at 2556.

Ultimately, the Supreme Court held that imposing an increased sentence under the ACCA's residual clause is a violation of due process. Johnson, 135 S. Ct. at 2557 (reasoning that the residual clause was unconstitutionally vague because it "denies fair notice to defendants and invites arbitrary enforcement by judges."). The Supreme Court has confirmed the retroactivity of Johnson as applied to the ACCA. See Welch v. U.S., 136 S. Ct. 1257 (2016) (holding that "Johnson announced a new substantive rule that has retroactive effect in cases on collateral review").

While this is the theory urged by Sosa, none of it applies to his case. Sosa was not sentenced under the ACCA, which applies only to convictions for unlawfully possessing a firearm under 18 U.S.C. § 922(g). 18 U.S.C. § 924(e). Instead, he was convicted of violating 21 U.S.C. § 841 & 846. CR Dkt. No. 14. Furthermore, the court did not apply any enhancement in relation to the use or possession of a firearm. CR Dkt. No. 19. Therefore, regardless of its retroactive application, the holding in Johnson does not directly provide Sosa with a vehicle for relief.

## C.  Career Offender Enhancement

Sosa makes the related argument that he is entitled to habeas relief because the Supreme Court's analysis of the residual clause in <u>Johnson</u> applies equally to the term "crime of violence" as contained in U.S.S.G. § 4B1.2. Dkt. No. 1.

On March 6, 2017,  the Supreme Court – considering the language Sosa challenges – held that "the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause." <u>Beckles v. U.S.</u>, __U.S.__, 137 S. Ct. 886, 890 (2017).  This decision forecloses any argument seeking to apply the effect of <u>Johnson</u> to the language contained in the Sentencing Guidelines.  Accordingly, Sosa's attempt to attack the "crime of violence" enhancement as being void for vagueness must fail.  Accordingly, the claim should be denied.

## IV.  Recommendation

WHEREFORE it is **RECOMMENDED** that the Petitioner Edelmiro Sosa's Motion to Vacate, Set Aside or Correct his Sentence, pursuant to 28 U.S.C. § 2255, Dkt. No. 1, be **DENIED** because he waived the right to file this appeal and, further, because the petition is meritless.

## A.  Certificate of Appealability

Unless a circuit justice or judge issues a Certificate of Appealability ("COA"), a petitioner may not appeal the denial of a § 2255 motion to the Fifth Circuit. 28 U.S.C. § 2253(a),(c)(1).  A petitioner may receive a COA only if he makes a "substantial showing of the denial of a constitutional right." § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003).  To satisfy this standard, a petitioner must demonstrate that jurists of reason could disagree with the court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further. <u>Id.</u> at 327; <u>Moreno v. Dretke</u>, 450 F.3d 158, 163 (5th Cir. 2006).  A district court may <u>sua</u> <u>sponte</u> rule on a COA because the court that denies relief to a petitioner is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. <u>Alexander v. Johnson</u>, 211 F.3d 895, 898 (5th Cir. 2000).

After reviewing Sosa's § 2255 motion and the applicable Fifth Circuit precedent, the Court is confident that no outstanding issue would be debatable among jurists of reason. Although Sosa's § 2255 motion raises issues that the Court has carefully considered, he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Accordingly, it is **RECOMMENDED** that a COA should be denied.

### B. Notice to Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Andrew S. Hanen, United States District Judge. 28 U.S.C. § 636(b)(1) (eff. Dec. 1, 2009). Failure to timely file objections shall bar the parties from a de novo determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district court, except upon grounds of plain error or manifest injustice. See § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

DONE at Brownsville, Texas, on June 12, 2017.

Ronald G. Morgan
United States Magistrate Judge